1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12

GABRIEL M. OCHOA,                    )       1:10-cv-00780 LJO MJS HC
13                                   )
                 Petitioner,         )
14                                   )       FINDINGS AND RECOMMENDATION
        v.                           )       REGARDING RESPONDENT'S MOTION
15                                   )       TO DISMISS
                                     )
16  MICHAEL MARTEL,                  )       [Doc. 12]
                                     )
17               Respondent.         )
                                     )
18  _____)

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.

21        Respondent is represented in this action by Rachelle Anne Newcomb, Esq., of the

22  Office of the Attorney General for the State of California.

23  **I.      BACKGROUND**

24        Petitioner is currently in the custody of the California Department of Corrections

25  pursuant to a judgment of the Superior Court of California, County of Merced, following a jury

26  verdict on October 28, 1998, finding him guilty of  grand theft in violation of Cal. Penal Code

27

28

1 Section 487(a). (See LD No. 1.[1]) Based on the offense and prior convictions, Petitioner was

2 sentenced to serve a term of 25 years to life in state prison on December 9, 1998. (Id.) On

3 June 14, 2000, the California Court of Appeal, Fifth Appellate District, affirmed the judgment.

4 (See LD No. 2.) Petitioner did not seek review from the California Supreme Court.

5       Starting in May 2009, Petitioner filed three post-conviction collateral challenges with

6 respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

7     1.    Merced County Superior Court
Filed: May 23, 2009[2];

8         Denied: August 4, 2009;

9     2.    California Court of Appeals, Fifth Appellate District
Filed: September 13, 2009[3];

10         Denied: September 24, 2009;

11     3.    California Supreme Court
Filed: October 14, 2009[4];

12         Denied: March 30, 2010;

13 See LD Nos. 3-8.

14       On April 13, 2010[5], Petitioner filed the instant federal petition for writ of habeas corpus

15 in this Court. On October 8, 2010, Respondent filed a motion to dismiss the petition as being

16 filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed

17 an opposition to Respondent's motion to dismiss on October 22, 2010. On October 29, 2010,

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on June 22, 2009, pursuant to the mailbox rule the Court considers the petition filed on May 23, 2009, the date Petitioner signed the petition.

[3] Although the petition was filed on September 18, 2009, pursuant to the mailbox rule the Court considers the petition filed on September 13, 2009, the date Petitioner signed the petition.

[4] Although the petition was filed on October 19, 2009, pursuant to the mailbox rule the Court considers the petition filed on October 14, 2009, the date Petitioner signed the petition.

[5] Although the petition was filed on April 23, 2010, under the mailbox rule the Court will consider the petition filed on April 13, 2010, the date Petitioner signed the petition.

1  Respondent filed a reply to Petitioner's opposition

2  **II.    DISCUSSION**

3       **A.    Procedural Grounds for Motion to Dismiss**

4       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

5  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

6  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

7  Cases.

8       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

9  answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

10  violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

11  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

12  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

13  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

14  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

15  after the Court orders a response, and the Court should use Rule 4 standards to review the

16  motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

17       In this case, Respondent's motion to dismiss is based on a violation of the one-year

18  limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

19  in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

20  procedural default and Respondent has not yet filed a formal answer, the Court will review

21  Respondent's motion to dismiss pursuant to its authority under Rule 4.

22       **B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

23       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

24  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

25  writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

26  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

27       In this case, the petition was filed on April 13, 2010, and therefore, it is subject to the

28  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

1  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

2  amended, § 2244, subdivision (d) reads:

3       (1)  A 1-year period of limitation shall apply to an application for a writ of
    habeas corpus by a person in custody pursuant to the judgment of a State court.
4    The limitation period shall run from the latest of –

5       (A) the date on which the judgment became final by the conclusion of
    direct review or the expiration of the time for seeking such review;

6

7       (B) the date on which the impediment to filing an application created by
    State action in violation of the Constitution or laws of the United States is
    removed, if the applicant was prevented from filing by such State action;

8

9       (C) the date on which the constitutional right asserted was initially
    recognized by the Supreme Court, if the right has been newly recognized by the
    Supreme Court and made retroactively applicable to cases on collateral review;
10   or

11       (D) the date on which the factual predicate of the claim or claims
    presented could have been discovered through the exercise of due diligence.

12

13       (2) The time during which a properly filed application for State post-conviction
    or other collateral review with respect to the pertinent judgment or claim is
    pending shall not be counted toward any period of limitation under this
14   subsection.

15  28 U.S.C. § 2244(d).

16       Under § 2244(d)(1)(A), the limitations period begins running on the date that the

17  Petitioner's direct review became final or the date of the expiration of the time for seeking such

18  review. In this case, Petitioner filed an appeal with the California Court of Appeal, Fifth

19  Appellate District. The court issued a decision affirming the judgment on June 14, 2000. (LD

20  No. 2.) The Court of Appeal's decision became final on July 14, 2000, thirty days after filing.

21  See Cal. Rules of Court 8.264 (formerly Rule 24). Petitioner did not seek review in the

22  California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment

23  of conviction became final on July 24, 2000, upon expiration of the ten-day period within which

24  to file and serve a petition for review with the California Supreme Court. See Cal. Rules of

25  Court 8.500 (formerly Rule 28). The AEDPA statute of limitations began to run the following

26  day, on July 25, 2000. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

27       Petitioner would have one year from July 25, 2000, absent applicable tolling, in which

28  to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the

1   instant petition until April 13, 2010, over nine years after the statute of limitations period

2   expired.  Absent the later commencement of the statute of limitations or any applicable tolling,

3   the instant petition is barred by the statute of limitations. Petitioner has made no showing that

4   the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D).

5   Accordingly, Petitioner may only rely on tolling to attempt to show that his petition is not barred

6   by the statute of limitations.

7              **C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

8              28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

9   State post-conviction or other collateral review with respect to the pertinent judgment or claim

10  is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

11  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

12  petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals

13  between one state court's disposition of a habeas petition and the filing of a habeas petition

14  at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

15  183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year

16  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-

17  conviction petition was timely or was filed within a reasonable time under state law. Pace v.

18  DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as

19  untimely or determined by the federal courts to have been untimely in state court will not

20  satisfy the requirements for statutory tolling. Id.

21             As stated above, the statute of limitations period began on July 25, 2000. Petitioner filed

22  his first state habeas petition on May 23, 2009. At that point, the statute of limitations period

23  had elapsed over seven years earlier. State petitions filed after the expiration of the statute

24  of limitations period shall have no tolling effect.   Ferguson v. Palmateer, 321 F.3d 820 (9th

25  Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has

26  ended before the state petition was filed.").

27             Accordingly, the limitations period began on July 25, 2000 and expired one year later

28  on July 25, 2001. The present petition was filed on April 23, 2010, nine years after the

U.S. District Court
E. D. California

1    expiration of the year statute of limitations period.  Accordingly, the instant federal petition is

2    untimely.

3        **D.    Equitable Tolling**

4        The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

5    that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

6    stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v.

7    Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163

8    F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th

9    Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that

10   would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

11   Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly,

12   Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

13       **E.    Actual Innocence**

14       In his opposition to the motion to dismiss, Petitioner asserts that the petition should be

15   viewed under the "actual innocence" standard.  However, Petitioner's claims of "actual

16   innocence" are of no assistance with regard to his failure to file the petition within the  statute

17   of limitations period. The Ninth Circuit has recently held that "there is no 'actual innocence'

18   exception to the one-year statute of limitation for filing an original petition for habeas corpus

19   relief." See Lee v. Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010). This Court is bound by that

20   decision.

21   **III.    CONCLUSION**

22       As explained above, Petitioner failed to file the instant petition for Habeas Corpus within

23   the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner does not benefit

24   from statutory tolling, equitable tolling, or his alleged actual innocence claim. Accordingly, the

25   petition was not timely filed. Based on the foregoing, Respondent's motion to dismiss shall be

26   granted.

27   **IV.    RECOMMENDATION**

28       The Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the

1  habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28

2  U.S.C. § 2244(d)'s one year limitation period.

3       This Findings and Recommendation is submitted to the assigned United States District

4  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

5  Local Rules of Practice for the United States District Court, Eastern District of California.

6  Within thirty (30) days after the date of service of this Findings and Recommendation, any

7  party may file written objections with the Court and serve a copy on all parties.  Such a

8  document should be captioned "Objections to Magistrate Judge's Findings and

9  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

10  days after service of the Objections.  The Finding and Recommendation will then be submitted

11  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

12  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

13  waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

14  Cir. 1991).

15

16

17  IT IS SO ORDERED.

18  Dated:    November 27, 2010          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28